### JOHN WILLIAMS *v.* A. C. GODSAY.

**Suit on Note—Defense—Evidence.**
> Where a suit is brought on a note, the answer pleading payment, and that plaintiff accepted payment in confederate money in full payment, and the illegality of confederate money is pleaded in reply, it was necessary for defendant to show by proof that at the time and place of payment the military power and jurisdiction of the confederate states predominated, or that the payment was voluntarily received by plaintiff in satisfaction.

**Evidence.**
> It was error to refuse to permit plaintiff to testify as to such matters in his own behalf.

APPEAL FROM PERRY CIRCUIT COURT.

November 9, 1874.

OPINION BY JUDGE PETERS:

This action was brought by appellant against Austin C. Godsay, Granvill Coumbs, and Nicholas Williams to collect five hundred dollars for loans of money, with the interest from 1859, and for which the defendants executed their note. In this petition appellant alleges that appellee, Godsay, brought to him Confederate money, and represented that it was good and current money, and by false and fraudulent representations, induced him to take bills and notes on the Confederate states in payment for his debts, which were at the time worthless, and its circulation actually prohibited by law; and that by means of said false and fraudulent representations, he, said Godsay, got possession of the note. Wherefore he prayed judgment for the amount of his debt.

The borrowing of the money and the execution of the note, as alleged in the answer, has been paid off and fully discharged; and it is also alleged that it was paid with notes on the Confederate states of America at the special instance and request of the plaintiff, and

that when the payment was made the parties were inside of the Confederate lines, and the country where they were was then under the control of the Confederate government, and Confederate money was then and there current funds.

To the answer, a reply was filed setting forth in detail the circumstances under which the appellant was induced or compelled to receive the Confederate money in satisfaction of his debt. No objections appears to have been made to the reply, and the demurrer to the answer having been overruled, the parties went to the trial on the pleadings as herein stated, and a verdict and judgment having been rendered for the defendants, the plaintiff below has appealed.

Although the execution of the notes was admitted in the answer, it appears from the bill of exceptions that appellant introduced appellee, Godsay, as a witness to prove that he loaned him the money, and that he, with his co-obligers, executed their note therefor. But after proving those facts, he went on to prove for himself that having paid about $72.50 of the note in Kentucky bank paper, he paid off the balance, partly in interest bearing notes of the Confederate states, and partly in Confederate bills to the full amount of said note, which payments, as he proved, were made at the special instance and request of appellant at his own house, and that he accepted said Confederate notes and bills in payment and full satisfaction of said note, and gave up the note. Appellant then asked to be permitted to testify as to the new matter not asked by him and proved by Godsay in his own behalf; but the court overruled his request.

The circulation of Confederate currency within the military lines and jurisdiction of the United States was forbidden by its laws, and was illegal; but the non-combatant citizen was compelled to regulate his conduct by the laws and public policy of that power which might predominate over him for the time being, and the currency that was recognized by the laws and military authority of the Confederate states as money, and its circulation encouraged by its policy, and which did so circulate within its military lines, and jurisdiction as a valuable and not a vicious or illegal consideration, especially when voluntarily received and used. *Martin v. Hortin, et al.,* 1 Bush 629.

As appellees in their answer were not content to rely upon the allegation of payment and possession of the note, as at least *prima facie* evidence of the fact, but choose to state how and in what the payment was made, it was necessary for them to show by proof that at the time and place of payment the military power and jurisdiction of the Confederate states predominated; or that the notes and bills

were voluntarily received by appellant in satisfaction of his debts. And as appellee, Godsay, as new matter, proved facts necessary to sustain the defense, the court below erred in refusing to permit appellant to testify as to such new matter in his own behalf.

Sec. 673, Civil Code. For that error the judgment is *reversed* and the cause is remanded for a new trial and further proceedings consistent herewith.

*H. C. Lilly, for appellant.*
*L. N. Cardwell, for appellee.*